BOYD MOTOR COMPANY, A CORPORATION, APPELLEE, V.
COUNTY OF BOX BUTTE, APPELLANT.

67 N. W. 2d 774

Filed December 28, 1954. No. 33678.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer,* and *Robert R. Moran,* for appellant

*Stubbs & Metz* and *Chambers, Holland & Groth,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff appealed from an order of the county board of equalization of Box Butte County raising the valuation of a stock of automobiles, returned by it in the amount of $9,495.17, to the sum of $14,390 in order to conform to the valuation of motor vehicles as determined by the State Board of Equalization and Assessment. The County of Box Butte demurred to the peti-

tion. The trial court overruled the demurrer and, when the county stood on its demurrer, entered judgment in favor of the appellee in accordance with the prayer of the petition. The county appeals.

The petition alleges that appellee is a regularly licensed dealer in motor vehicles in Box Butte County. Within the time and manner specified by law appellee returned to the county assessor an inventory of the motor vehicles it had on hand on March 10, 1954, for the purpose of ad valorem assessment for tax purposes. The actual value of each of the motor vehicles so returned, as reported by appellee, is set out in the petition. On June 7, 1954, the county board of equalization raised the value of the motor vehicles and assessed the same on the basis of the schedule of valuation prepared by the State Board of Equalization and Assessment on June 13, 1953. Appellee alleges that the latter basis of valuation relates to registered motor vehicles only, and does not relate to the taxation of motor vehicles described in section 77-1242, R. S. Supp., 1953. Appellee asserts that the assessed valuation as fixed by the State Board of Equalization and Assessment is not uniform and proportionate with other property and constitutes a discrimination in favor of other owners of property of the same class in Box Butte County.

The demurrer admits the truth of all facts well pleaded. We accept as true, therefore, that the actual value of the motor vehicles involved, as reported by appellee, is $9,495.17. We also accept as true that the actual valuation for assessment purposes as fixed by the State Board of Equalization and Assessment is $14,390.

The contentions of the parties are as follows: The appellee contends that his stock of motor vehicles shall be valued by the county assessor in the same manner as other merchandise as of March 10th, subject to review by the county board of equalization, under the provisions of section 77-1242, R. S. Supp., 1953. The county asserts that the value of appellee's stock of motor

vehicles is fixed by the State Board of Equalization and Assessment under section 77-1241.01, R. S. Supp., 1953, and that the method of valuing motor vehicles for tax purposes owned by dealers is the same as motor vehicles owned by persons other than dealers.

It is contended by appellee that Article VIII, section 1, Constitution of Nebraska, was amended in 1952 in such a way as to exclude the necessity for uniform and proportionate valuations in the valuation of motor vehicles for taxation purposes. In view of the meaning of the statutes controlling the result of the present litigation we do not deem it necessary to pass upon the effect of this amendment to the Constitution. It is plain, however, that motor vehicles could be taxed as a separate class of tangible property.

In 1953 the Legislature adopted Legislative Bill No. 165 which has been incorporated into Chapter 77, R. S. Supp., 1953. The statutes directly involved in the present case are sections 77-1241.01 and 77-1242, R. S. Supp., 1953. They provide as follows:

"Motor vehicles not subject to a motor vehicle tax, including dealers' motor vehicles on hand on January 1 and not registered for operation on the highways, shall be subject to the ad valorem tax on tangible property; such tax shall be computed according to the schedule of values fixed by the State Board of Equalization and Assessment; Provided, that in the event a motor vehicle which has been assessed for ad valorem tax purposes, except dealers' motor vehicles on hand January 1, is later registered during the registration year for which taxes have been assessed, the owner against whom such ad valorem taxes have been assessed shall be credited with the proportionate amount for the period during which the motor vehicle tax has been paid." § 77-1241.01, R. S. Supp., 1953.

"Dealers in motor vehicles shall report their vehicles on hand March 10 of each year as merchandise, describing each vehicle thus returned for ad valorem tax

assessment, in the same manner and at the same proportion of actual value that other merchandise is assessed." § 77-1242, R. S. Supp., 1953.

The county contends that the fixing of the valuation of motor vehicles not subject to a motor vehicle tax, including dealers' motor vehicles on hand on January 1 and not registered for operation on the highways, is controlled by the words, "such tax shall be computed according to the schedule of values fixed by the State Board of Equalization and Assessment," found in section 77-1241.01, R. S. Supp., 1953. The appellee asserts that the words, "in the same manner and at the same proportion of actual value that other merchandise is assessed," found in section 77-1242, R. S. Supp., 1953, is the controlling provision.

After the amendment of Article VIII, section 1, of the Constitution, the Legislature at its 1953 session enacted the foregoing provisions, among others. Prior to their enactment, motor vehicles, including a dealer's stock, were taxed the same as other tangible property except that the county assessor in computing the actual value was to consider the schedule of actual valuations prepared by the state Tax Commissioner. All taxes on motor vehicles became due on November 1 and became delinquent February 1 following. Dealers in motor vehicles were required to report their vehicles on hand on March 10 as merchandise, describing each vehicle thus returned. §§ 77-1239 to 77-1242, R. R. S. 1943. By the 1953 act the Legislature undertook to require the payment of taxes on registered motor vehicles in advance, based upon the values certified to the county assessor by the State Board of Equalization and Assessment. § 77-1240, R. S. Supp., 1953. There is no issue on this point in the present case. The question here raised is the method provided for valuing motor vehicles which were not registered, including dealers' motor vehicles on hand on January 1 and not registered for operation on the highways.

It is a fundamental rule of statutory construction that effect be given, if possible, to every word, clause, and sentence contained in a legislative act so that no part of its provisions shall be inoperative or super-fluous, if it can be avoided. Nacke v. City of Hebron, 155 Neb. 739, 53 N. W. 2d 564. In the interpretation of a statute it will be presumed that the Legislature inserted every word, clause, and sentence for a purpose and intended that every part thereof should have effect. It will not be construed in such a manner as to render it partly ineffective or nugatory if a reasonable construction will make it effective. That construction is favored which will render every word, clause, and sentence operative.

With the foregoing rule in mind, we must necessarily conclude that when the Legislature said in section 77-1241.01, R. S. Supp., 1953, that motor vehicles not subject to a motor vehicle tax, as the latter term is defined in section 77-1238, R. S. Supp., 1953, including dealers' motor vehicles not registered for operation on the highways, shall be subject to the ad valorem tax on tangible property and "such tax shall be computed according to the schedule of values fixed by the State Board of Equalization and Assessment," it could have meant only that such motor vehicles were to be valued according to the schedule of values fixed by the State Board of Equalization and Assessment. The language is clear and unambiguous, and is subject to no other construction.

Appellee asserts, however, that section 77-1242, R. S. Supp., 1953, is just as clear and unambiguous in specifying that "Dealers in motor vehicles shall report their vehicles on hand March 10 of each year as merchandise, describing each vehicle thus returned for ad valorem tax assessment, in the same manner and at the same proportion of actual value that other merchandise is assessed." We think the foregoing section can be completely harmonized with section 77-1241.01, R. S. Supp.,

1953, in such a way as to determine the clear intent of the act. We point out that section 77-1242, R. S. Supp., 1953, does not provide how the actual value shall be determined. Such actual value is determined in the manner specifically prescribed by section 77-1241.01, R. S. Supp., 1953. It is provided by section 77-1242, R. S. Supp., 1953, that dealers will report their vehicles on hand on March 10 as merchandise, and describe each vehicle thus returned for ad valorem tax assessment in the same manner and at the same proportion of the actual value that other merchandise is assessed. Consequently, the actual value of a dealer's stock of motor vehicles is computed according to the schedule furnished by the State Board of Equalization and Assessment, and section 77-1242, R. S. Supp., 1953, is thereafter applied to it. If other merchandise is assessed at 50 percent of value, the dealer's stock of cars is so assessed. The tax is not payable in advance but becomes due on November 1 of the year assessed and becomes delinquent on December 1 thereafter as provided by section 77-1241, R. S. Supp., 1953.

Such a construction of the statutes makes it clear that dealers' motor vehicles were to be valued for taxation purposes in accordance with the schedule of values fixed by the State Board of Equalization and Assessment but otherwise the assessment was to be in conformity with the manner and proportion that other merchandise is assessed. Such a construction makes the statutes consistent throughout and gives effect to each and every part thereof. So construed as a whole, no ambiguity appears and a reasonable intendment is obtained.

We conclude that the trial court was in error in holding that the schedule of values fixed by the State Board of Equalization and Assessment had no application to dealers' motor vehicles described in section 77-1242, R. S. Supp., 1953. The demurrer of the county should have been sustained.

REVERSED AND REMANDED.